UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

LATOYA BURGESS, an individual,

     Plaintiff,

vs.

TOGETHERHEALTH PAP, LLC,
a Delaware Limited Liability Company,

     Defendant.

_____/

## COMPLAINT

1.     Plaintiff, LATOYA BURGESS (hereinafter referred to as "Plaintiff" and "BURGESS"), was an employee of Defendant, TOGETHERHEALTH PAP, LLC, a Delaware Limited Liability Company, and brings this action for alleged disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (referred to as "ADA" and "ADAAA"), as well as for alleged interference and retaliation violations of the Family and Medical Leave Act (referred to as "FMLA"), 29 U.S.C. §2601 *et seq.*

2.     BURGESS is an individual who at all times material to this Complaint resided in Broward County, Florida, within the jurisdiction of this Court.

3.     Defendant, TOGETHERHEALTH PAP, LLC, a Delaware Limited Liability Company, has at all times material to this Complaint owned and managed business specializing in providing comparison-shopping to Medicare customers via licensed Medicare insurance agents through operations across at multiple locations including at 1300 Sawgrass Corporate Parkway,

Suite 200, Sunrise, Florida 33323 and 2100 W. Cypress Creek Road, Suite 150, Fort Lauderdale, Florida 33309 in Broward County, Florida, within the jurisdiction of this Court.

4.      Jurisdiction is conferred on this Court by 28 U.S.C. §1331, §1332, §1337, 42 U.S.C. §12101 *et seq*., and 29 U.S.C. §2601 *et seq.*

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Broward County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

6.      In approximately August 2020, BURGESS began working for TOGETHERHEALTH PAP, LLC as a Medical Health Insurance Agent in Florida based upon the regular rate of $18.00 per hour plus commissions.

7.      When BURGESS was hired by TOGETHERHEALTH PAP, LLC in approximately late August 2020, Rashad Butler, Defendant's Director of Site Operations, interviewed BURGESS twice and informed BURGESS that the job with Defendant was a remote work-from-home position.

8.      In approximately September 2020, BURGESS completed training with TOGETHERHEALTH PAP, LLC and Defendant provided Plaintiff with a computer, a keyboard, a mouse, two computer monitors, and a headset—the equipment needed in order for BURGESS to work remotely from home for TOGETHERHEALTH PAP, LLC.

9.      After BURGESS became licensed in approximately mid-September 2020, TOGETHERHEALTH PAP, LLC increased BURGESS's regular rate of pay to $20.00 per hour plus commissions.

10.     At all times material to this action, BURGESS was a covered employee of Defendant, TOGETHERHEALTH PAP, LLC, within the meaning of the ADAAA, 42 U.S.C. §12111(4), and the FMLA, 29 U.S.C. §2611(2).

11.     At all times material to this action, Defendant, TOGETHERHEALTH PAP, LLC, had Fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the calendar year(s) 2020, 2021, and 2022.

12.     At all times material to this action, Defendant, TOGETHERHEALTH PAP, LLC, was BURGESS's employer within the meaning of the ADAAA, 42 U.S.C. §12111(5), and the FMLA, 29 U.S.C. §2611(4).

13.     During the calendar year 2020, TOGETHERHEALTH PAP, LLC paid BURGESS gross wages of $17,749.22 between hourly compensation and commissions.

14.     At all times material to this action including between approximately August 2020 and February 2022, BURGESS was an individual with one or more neurological conditions including: (a) a serious and chronic migraine condition; (b) cervical radiculopathy; and (c) carpal tunnel syndrome, and as a result BURGESS's (i) migraine headaches, Plaintiff experiences a pounding sensation that constricted her ability to work as well as nausea, vomiting, dizziness, visual problems, and difficulty sleeping; and (ii) carpel tunnel syndrome, Plaintiff experiences numbness in her hands.

15.     At all times material to this action including between approximately August 2020 and February 2022, BURGESS has suffered from one or more "physical impairments" within the meaning of the ADA, 29 C.F.R. §1630.2(h)(1), as a result of Plaintiff suffering from one or more physiological disorders or conditions affecting one or more of BURGESS's major bodily functions including but not limited to BURGESS's neurological, visual, and musculoskeletal functions due

to Plaintiff's: (a) serious and chronic migraine condition; (b) cervical radiculopathy; and (c) carpal tunnel syndrome.

16.     Between approximately late August 2020 and approximately December 2020, BURGESS satisfactorily performed her essential duties as a remotely-based Medical Health Insurance Agent for TOGETHERHEALTH PAP, LLC from Plaintiff's home in Hollywood, Florida.

17.     As a result of BURGESS's disabilities and serious health conditions, beginning in approximately January 2021, BURGESS took time off of work from her employment with TOGETHERHEALTH PAP, LLC for doctor's appointments and/or BURGESS had to stop work early when she began to experience symptoms relating to her disabilities and serious health conditions.

18.     However, in many of those instances, Giesel Francis, a Manager for TOGETHERHEALTH PAP, LLC, and Dariana Doumis, a Sales Manager/Team Leader, reprimanded BURGESS or gave Plaintiff "points" for BURGESS's medical absences or early work stoppages despite Defendant's management knowing the reasons for BURGESS's partial absences because of Plaintiff's disabilities and serious medical conditions.

19.     In one instance in approximately the summer or fall of 2021, BURGESS's Team Leader at TOGETHERHEALTH PAP, LLC, Nikki Wilson, cautioned BURGESS that Plaintiff should take medical leave so that her job with Defendant would be protected.

20.     Beginning in approximately October 2021, BURGESS was approved by TOGETHERHEALTH PAP, LLC to take intermittent medical leave under the Medical Leave Act (FMLA) through February 2022 leave because of BURGESS's serious health conditions.

21.     Shortly after being approved to take intermittent FMLA medical leave in 2021, Nikki Wilson told BURGESS that Plaintiff's Supervisor, Giesel Francis, was "pissed" that this leave was approved by TOGETHERHEALTH PAP, LLC and that Ms. Francis did not like BURGESS.

22.     During the calendar year 2021, TOGETHERHEALTH PAP, LLC paid BURGESS total gross wages of $41,641.58 between hour compensation and commissions.

23.     Between approximately January 2021 and February 2022, BURGESS satisfactorily performed her essential duties as a remotely-based Medical Health Insurance Agent for TOGETHERHEALTH PAP, LLC from Plaintiff's home in Hollywood, Florida.

24.     In approximately January 2022, TOGETHERHEALTH PAP, LLC's Human Resources Manager, Shawn Irby, told BURGESS that Plaintiff had to report to work in person at TOGETHERHEALTH PAP, LLC's Sunrise, Florida office even though all of Plaintiff's coworkers *were not* required by TOGETHERHEALTH PAP, LLC to work in person and even though BURGESS's job with Defendant had always been a remote position.

25.     Notably, in approximately January 2022, BURGESS's Team Leader at TOGETHERHEALTH PAP, LLC, Nikki Wilson, confirmed to BURGESS that coworkers on Plaintiff's team, who were performing the same job, were allowed by Defendant to continue to remotely work from home and that TOGETHERHEALTH PAP, LLC was only requiring BURGESS to report to work in person at Defendant's Sunrise office.

26.     On or around February 2, 2022, BURGESS provided medical documentation to TOGETHERHEALTH PAP, LLC from Plaintiff's neurologist, Dr. Jubran Hoche, as part of BURGESS requesting a reasonable accommodation from Defendant for Plaintiff's disabilities—through an ADAAA questionnaire completed by Dr. Hoche—in the form of Plaintiff (i) receiving

reasonable breaks for short periods of time; and (ii) to continue working from home as remote employee as a result of BURGESS's disabilities and serious health conditions.

27.     On or around February 24, 2022, TOGETHERHEALTH PAP, LLC denied BURGESS's reasonable accommodation request for Plaintiff to continue working a remotely-based Medical Health Insurance Agent and Defendant instead notified that BURGESS that she would be required to work in person at Defendant's Cypress Creek office moving forward.

28.     Significantly, by February 25, 2022, TOGETHERHEALTH PAP, LLC locked BURGESS out of the company's computer system so that BURGESS could not perform her job and Defendant constructively discharged BURGESS from her employment.

29.     The reasons proffered and/or relied upon by TOGETHERHEALTH PAP, LLC in February 2022 for terminating BURGESS's employment were false and known to be false by Defendant at the time of Plaintiff's termination and instead were a pretext for unlawful disparate treatment and disability discrimination and retaliation against BURGESS in violation of the ADA and FMLA.

**EXHAUSTION OF ADMINISTRATVIE REMEDIES**

30.     On March 30, 2022, BURGESS filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) against TOGETHERHEALTH PAP, LLC, Charge No. 510-2022-03891 alleging that she had been subjected to disability discrimination and retaliation in violation of the Americans with Disabilities Act.  A copy of BURGESS's Charge of Discrimination is attached hereto as Exhibit A.

31.     On October 13, 2022, the EEOC issued a Dismissal and Notice of Suit Rights to BURGESS in connection with Charge No. 510-2022-03891, which Notice was received by

BURGESS on or around October 13, 2022.  A copy of the RTS Notice issued by the EEOC to BURGESS is attached hereto as Exhibit B.

32.     BURGESS's Complaint is being filed with the Court on January 11, 2023 within Ninety (90) days of BURGESS's receipt of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2022-03891.

33.     All conditions precedent to the institution of this action have either occurred or been waived.

<u>**COUNT I**</u>
<u>**DISABILITY DISCRIMINATION IN VIOLATION OF**</u>
<u>**THE AMERICANS WITH DISABILITIES ACT**</u>

Plaintiff, LATOYA BURGESS, reasserts and reaffirms the allegations of Paragraphs 1 through 33 as if fully set forth herein and further states that this is an action against TOGETHERHEALTH PAP, LLC, for disparate treatment and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

34.     The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

35.     At all times material to this action including but not necessarily limited to between approximately August 2020 and February 2022, BURGESS suffered from one or more neurological conditions including: (a) a serious and chronic migraine condition; (b) cervical radiculopathy; and (c) carpal tunnel syndrome, and as a result BURGESS's (i) migraine headaches, Plaintiff experiences a pounding sensation that constricted her ability to work as well as nausea,

vomiting, dizziness, visual problems, and difficulty sleeping; and (ii) carpel tunnel syndrome, Plaintiff experiences numbness.

36.     At all times material to this action, BURGESS suffered from one or more "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of one or more physiological disorders or conditions affecting one or more of BURGESS's major bodily functions including but not limited to BURGESS's neurological, visual, and musculoskeletal functions due to Plaintiff's: (a) serious and chronic migraine condition; (b) cervical radiculopathy; and (c) carpal tunnel syndrome.

37.     At all times material to this action, BURGESS was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i)(ii), including but not necessarily limited to the operation of a major bodily function including BURGESS's neurological and musculoskeletal functions.

38.     Similarly, at all times material to this action, BURGESS was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to: performing manual tasks; seeing; sleeping; and thinking.

39.     At all times material to this action, BURGESS was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. §12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by TOGETHERHEALTH PAP, LLC as a person with such impairments.

40.     At all times material to this action, BURGESS had to endure substantial limitations as a result of Plaintiff's neurological conditions, migraine disorder, carpel tunnel syndrome, and

8

related medical condition(s) within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because BURGESS's medical condition(s) substantially limited Plaintiff's ability to perform one or more major life activities—including but not necessarily limited BURGESS's neurological and musculoskeletal functions—as compared to most people in the general population.

41.     At all times material to this action, BURGESS was "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because BURGESS's neurological conditions, migraine disorder, carpel tunnel syndrome, and related medical condition(s) constitute one or more actual physical impairments that substantially limited one or more of BURGESS's major life activities.

42.     In addition, at all times material to this action, BURGESS was also "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because BURGESS was regarded by TOGETHERHEALTH PAP, LLC as having one or more physical impairments that substantially limited one or more of her major life activities as a result of BURGESS's neurological conditions, migraine disorder, carpel tunnel syndrome, and related medical condition(s).

43.     At all times material to this action, BURGESS was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job for TOGETHERHEALTH PAP, LLC between approximately August 2020 and February 2022 with or without reasonable accommodation by Defendant.

44.     At all times material to this action, BURGESS was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because BURGESS possessed the requisite skill and experience to carry out her essential duties for TOGETHERHEALTH PAP, LLC between approximately August 2020 and

February 2022, and BURGESS likewise was capable of performing the essential functions of her job as a Medical Health Insurance Agent between approximately August 2020 and February 2022 despite BURGESS's disability, with or without reasonable accommodation(s) by TOGETHERHEALTH PAP, LLC

45.     Further, BURGESS was also qualified for her job with TOGETHERHEALTH PAP, LLC within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of BURGESS's neurological conditions, migraine disorder, carpel tunnel syndrome, and related medical condition(s) because TOGETHERHEALTH PAP, LLC could have and should have provided BURGESS with reasonable accommodation(s).

46.     Between approximately August 2020 and February 2022, TOGETHERHEALTH PAP, LLC subjected BURGESS to disparate treatment and discrimination in violation of 42 U.S.C. §12112 which was motivated by BURGESS's disability and Defendant discriminated against BURGESS because of her disability in violation of 42 U.S.C. §12112, including but not limited to: (a) TOGETHERHEALTH PAP, LLC failing to provide a reasonable accommodation for Plaintiff's disability; and (b) TOGETHERHEALTH PAP, LLC terminating BURGESS's employment in February 2022 based upon false and/or pretextual grounds because of Plaintiff's actual or perceived disability.

47.     TOGETHERHEALTH PAP, LLC terminated BURGESS's employment in February 2022 because of BURGESS's actual and/or perceived disability, in violation of 42 U.S.C. §12112(a).

48.     The reasons proffered and/or relied upon by TOGETHERHEALTH PAP, LLC in February 2022 for terminating BURGESS's employment were false and a pretext for discrimination against BURGESS because of her disability in violation of 42 U.S.C. §12112(a).

49.     TOGETHERHEALTH PAP, LLC knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against BURGESS because of her disability so as to discourage, dissuade and/or otherwise dishearten BURGESS.

50.     BURGESS's actual and/or perceived disability was a motivating factor in TOGETHERHEALTH PAP, LLC's decision to terminate BURGESS's employment in February 2022, in violation of 42 U.S.C. §12112.

51.     TOGETHERHEALTH PAP, LLC's violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to BURGESS's rights guaranteed under the laws of the United States.

52.     BURGESS has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of TOGETHERHEALTH PAP, LLC's violations of the ADA and ADAAA.

53.     BURGESS has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, BURGESS is entitled to recover her reasonable attorneys' fees and costs from TOGETHERHEALTH PAP, LLC.

WHEREFORE, Plaintiff, LATOYA BURGESS, demands judgment against Defendant, TOGETHERHEALTH PAP, LLC, for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, LATOYA BURGESS, reasserts and reaffirms the allegations of Paragraphs 1 through 33 as if fully set forth herein and further states that this is an action against

TOGETHERHEALTH PAP, LLC, for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

54.     The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

55.     Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

56.     At all times material to this action, BURGESS was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered one or more physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by TOGETHERHEALTH PAP, LLC as a person with such impairments.

57.     BURGESS was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of her job for TOGETHERHEALTH PAP, LLC between approximately August 2020 and February 2022 with or without reasonable accommodation.

58.     BURGESS engaged in statutorily protected activity under the ADA and ADAAA on multiple occasions between approximately August 2020 and February 2022 by, *inter alia*, BURGESS exercising or attempting to exercise or enjoy her rights under the ADA, including but not limited to: (a) BURGESS seeking and obtaining medical treatment for her neurological conditions, migraine disorder, carpel tunnel syndrome, and related medical condition(s); and (b) BURGESS requesting reasonable accommodations for Plaintiff's disabilities.

59.     TOGETHERHEALTH PAP, LLC subjected BURGESS to adverse employment actions including but not necessarily limited to Defendant terminating Plaintiff's employment in February 2022 based upon discriminatory and/or pretextual grounds because of Plaintiff's disability and Plaintiff seeking medical treatment and time off for her disability, all because BURGESS engaged in statutorily protected activity under the ADA and ADAAA.

60.     TOGETHERHEALTH PAP, LLC's retaliatory actions against BURGESS constitute violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because he or she has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of her having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

61.     TOGETHERHEALTH PAP, LLC's termination of BURGESS's employment in February 2022 was unlawful retaliation in violation of 42 U.S.C. §12203 because of Plaintiff exercising her right to seek accommodations and obtain medical treatment for her disability, in violation of the ADA.

62.     The fact that BURGESS engaged in activity protected by the ADA was a motivating factor in TOGETHERHEALTH PAP, LLC's termination of Plaintiff's employment in February 2022, in violation of 42 U.S.C. §12203.

63.     The reasons proffered and/or relied upon by TOGETHERHEALTH PAP, LLC in February 2022 for terminating BURGESS's employment were a pretext for unlawful retaliation against BURGESS in violation of 42 U.S.C. §12203 because Plaintiff exercised her rights under the ADA.

64.     As a direct and proximate result of TOGETHERHEALTH PAP, LLC's unlawful retaliation against BURGESS in violation of the ADA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

65.     TOGETHERHEALTH PAP, LLC's actions have caused BURGESS to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66.     TOGETHERHEALTH PAP, LLC's actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, BURGESS's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from Defendant.

67.     BURGESS has retained the undersigned counsel to represent her in this action and pursuant to 42 U.S.C. §12205, BURGESS is entitled to recover her reasonable attorneys' fees and costs from TOGETHERHEALTH PAP, LLC as a result of Defendant's violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, LATOYA BURGESS, demands judgment against Defendant, TOGETHERHEALTH PAP, LLC, for back pay, employment benefits, other compensation

including commissions and bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

<u>**COUNT III**</u>
<u>**INTERFERENCE IN VIOLATION OF THE FAMILY AND  MEDICAL LEAVE ACT**</u>

Plaintiff, LATOYA BURGESS, reasserts and reaffirms the allegations of Paragraphs 1 through 33 and further states that this is an action against TOGETHERHEALTH PAP, LLC for Interference in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

68.     The FMLA, 29 U.S.C. §2615(a)(1), provides that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under 29 U.S.C. §2611, *et seq*.

69.     Under the FMLA, when the timing of an employee's need for FMLA leave is not foreseeable, an employee is only required provide notice to her employer "as soon as practicable under the facts and circumstances of the particular case."  29 CFR §825.303(a).

70.     Similarly, where an emergency condition requires leave because of an FMLA-qualifying reason, written advance notice pursuant to an employer's standard rules and procedures is not required when medical leave is involved.  29 CFR §825.303(c).

71.     On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately early 2021 and February 2022, BURGESS provided Defendant, TOGETHERHEALTH PAP, LLC, with sufficient facts and notice of Plaintiff's need for medical leave due to Plaintiff's serious health condition(s), namely her neurological conditions, migraine disorder, carpel tunnel syndrome, and related medical condition(s) for which Plaintiff was eligible to obtain and take medical leave under the Family and Medical Leave Act.

72.     On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately early 2021 and February 2022, BURGESS exercised, and/or attempted to exercise, rights guaranteed under and protected by the FMLA, 29 U.S.C. §§2612(a)(1)(D), while in the course of her employment with Defendant, TOGETHERHEALTH PAP, LLC

73.     BURGESS's neurological conditions, migraine disorder, carpel tunnel syndrome, and related medical condition(s) constitute one or more "serious health conditions" within the meaning of the FMLA, 29 U.S.C. §2612(a)(1)(D).

74.     By exercising and/or attempting to exercise BURGESS's rights under the FMLA on multiple occasions during the FMLA's three (3) year statute of limitations period between approximately early 2021 and February 2022 during the course of Plaintiff's employment with TOGETHERHEALTH PAP, LLC, including but not necessarily limited to BURGESS's right to medical leave under the FMLA from her employment with Defendant, BURGESS engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq*., triggering the protections of the FMLA, specifically including but not limited to BURGESS's rights pursuant to:  (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave on an intermittent or other basis in 2021 and 2022 because of a "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to her position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon her return from leave.

75.     On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately early 2021 and February 2022, Defendant, TOGETHERHEALTH PAP, LLC, interfered with BURGESS's right to take medical leave under the FMLA for one or more serious health conditions when Defendant had knowledge of BURGESS's exercise and/or

attempted exercise of rights guaranteed under and protected by the FMLA, in violation of 29 U.S.C. 2615(a)(1).

76.     In February 2022, TOGETHERHEALTH PAP, LLC interfered with BURGESS's rights under the FMLA when Defendant unlawfully terminated BURGESS's employment in violation of 29 U.S.C. §2612(a)(1)(D) for reasons which were discriminatory and pretextual and at a point when BURGESS had not exhausted twelve (12) workweeks of medical leave under the FMLSA which BURGESS was entitled to under the FMLA because of her "serious health condition(s)."

77.     Defendant, TOGETHERHEALTH PAP, LLC's, violations of BURGESS's rights under the FMLA were willful, intentional, and not done in good faith.

78.     As a result of TOGETHERHEALTH PAP, LLC's violations of BURGESS's rights protected by the FMLA, BURGESS has suffered damages including but not necessarily limited to unpaid wages, lost wages, and other employment benefits.

79.     Pursuant to 29 U.S.C. §2617(a)(1)(iii), BURGESS is entitled to an award of liquidated damages from Defendant, TOGETHERHEALTH PAP, LLC, equal to the sum of the amount of all salary, commissions, wages, bonuses, employment benefits, and other compensation denied to or lost by BURGESS by reason of TOGETHERHEALTH PAP, LLC's violations of 29 U.S.C. §2615(a)(1).

80.     BURGESS has retained the undersigned counsel to represent her in this action and pursuant to 29 U.S.C. §2617(a)(3), BURGESS is entitled to recover from Defendant, TOGETHERHEALTH PAP, LLC, all reasonable attorneys' fees, reasonable expert witness fees, and other costs incurred as a result of Defendant's violations of the FMLA.

WHEREFORE, Plaintiff, LATOYA BURGESS, demands judgment against Defendant, TOGETHERHEALTH PAP, LLC, for back pay, employment benefits, other compensation including commissions and bonuses, liquidated damages, equitable relief including but not limited to front pay, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE FAMILY AND  MEDICAL LEAVE ACT**

Plaintiff, LATOYA BURGESS, reasserts and reaffirms the allegations of Paragraphs 1 through 33 and further states that this is an action against TOGETHERHEALTH PAP, LLC for Retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §2615.

81.     The FMLA, 29 U.S.C. §2601 *et seq*., prohibits an employer from retaliating against an eligible employee who has (a) obtained and/or attempted to obtain the benefits and protections of the FMLA; or (b) otherwise triggered the protections of, or engaged in activity protected by, the FMLA.

82.     In addition, the FMLA, 29 U.S.C. §2615, prohibits an employer from discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the Act.

83.     On multiple occasions during the FMLA's three (3) year statute of limitations period between approximately early 2021 and February 2022, BURGESS exercised, and/or attempted to exercise, her rights under the FMLA in accordance with 29 U.S.C. §§2612(a)(1)(C), in connection with Plaintiff's serious health conditions, namely her neurological conditions, migraine disorder, carpel tunnel syndrome, and related medical condition(s).

84.     By exercising and/or attempting to exercise her rights under the FMLA on multiple occasions during the FMLA's three (3) year statute of limitations period between approximately

early 2021 and February 2022 during her employment with Defendant, TOGETHERHEALTH PAP, LLC, including but not necessarily limited to BURGESS's right to medical leave under the FMLA, BURGESS engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq.*, triggering the protections of the FMLA, specifically including but not limited to BURGESS's rights pursuant to:  (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave on an intermittent or other basis in 2021 and 2022 because of a "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to her position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon her return from leave.

85.     Multiple members of management of Defendant, TOGETHERHEALTH PAP, LLC—including but not necessarily limited to Giesel Francis, Nikki Wilson, Dariana Doumis, and Human Resources employees of Defendant such as Yamely Canahuate and Shawn Irby—received notice about and had knowledge between approximately early 2021 and February 2022 of BURGESS's "serious health condition(s)" under the FMLA.

86.     Defendant, TOGETHERHEALTH PAP, LLC, was fully aware and/or should have been aware between approximately early 2021 and February 2022 of Defendant's legal obligations as an employer to BURGESS as an employee covered by the FMLA.

87.     At all times material to this action, BURGESS satisfactorily performed her essential job duties as a Medical Health Insurance Agent for TOGETHERHEALTH PAP, LLC.

88.     In February 2022, Defendant, TOGETHERHEALTH PAP, LLC, retaliated against BURGESS and unlawfully terminated Plaintiff's employment in violation of 29 U.S.C. §2615(a)(1) when Defendant fired BURGESS for one or more reasons which were false and/or pretextual and instead was actually because of Plaintiff's need for FMLA leave and/or her exercise of her right to medical leave under the FMLA.

89.     A motivating factor behind Defendant, TOGETHERHEALTH PAP, LLC's, decision to terminate BURGESS's employment in February 2022 was retaliation against BURGESS because Plaintiff:  (a) needed and sought time off from work on one or more days on multiple occasions between approximately 2021 and February 2022  for Plaintiff's serious health conditions for FMLA-qualifying reasons; and (b) Defendant's knowledge that BURGESS sought and/or triggered the protections of the FMLA, including the benefits and protections associated with leave and job reinstatement guaranteed by the FMLA, all in violation of 29 U.S.C. §2615(a)(1).

90.     The reasons proffered and/or relied upon by Defendant, TOGETHERHEALTH PAP, LLC, in February 2022 for terminating BURGESS's employment were false and were known to be false by Defendant at the time of BURGESS's termination and instead was a pretext for Defendant's intentional violations of BURGESS's rights under the FMLA.

91.     By subjecting BURGESS to retaliation and terminating BURGESS's employment in February 2022 because Plaintiff exercised and/or attempted to exercise her rights under the FMLA, as guaranteed by, *inter alia*, 29 U.S.C. §2612(a)(1)(C), Defendant intentionally retaliated against BURGESS in violation of the FMLA.

92.     Defendant, TOGETHERHEALTH PAP, LLC's, violations of BURGESS's rights under the FMLA were willful, intentional and not done in good faith.

93.     As a result of TOGETHERHEALTH PAP, LLC's violations of BURGESS's rights protected by the FMLA, Plaintiff has suffered damages including but not necessarily limited to unpaid wages and lost employment benefits.

94.     Pursuant to 29 U.S.C. §2617(a)(1)(iii), BURGESS is entitled to an award of liquidated damages from Defendant, TOGETHERHEALTH PAP, LLC, equal to the sum of the

amount of all wages, employment benefits, and other compensation denied to or lost by Plaintiff by reason of Defendant's violations of 29 U.S.C. §2615(a)(1).

95.     BURGESS has retained the undersigned counsel to represent her in this action and pursuant to 29 U.S.C. §2617(a)(3), BURGESS is entitled to recover from Defendant, TOGETHERHEALTH PAP, LLC, all reasonable attorneys' fees, expert witness fees, and other costs as a result of Defendant's violations of the FMLA.

WHEREFORE, Plaintiff, LATOYA BURGESS, demands judgment against Defendant, TOGETHERHEALTH PAP, LLC, for back pay, employment benefits, other compensation including commissions and bonuses, compensatory damages, liquidated damages, equitable relief including but not limited to reinstatement and/or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

LATOYA BURGESS demands trial by jury on all issues so triable.

Dated:  January 11, 2023                    Respectfully submitted,

By:     **KEITH M. STERN**
        Keith M. Stern, Esquire
        Florida Bar No. 321000
        E-mail:  employlaw@keithstern.com
        LAW OFFICE OF KEITH M. STERN, P.A.
        80 S.W. 8th Street, Suite 2000
        Miami, Florida 33130
        Telephone:  (305) 901-1379
        Fax:  (561) 288-9031
        Attorneys for Plaintiff

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse side before completing this form.

ENTER CHARGE NUMBER
☐ FEPA
☒ EEOC

_____ and EEOC
**(State or local agency, if any)**

| | |
|---|---|
| NAME (Indicate Mr., Ms., or Mrs.]<br>**Latoya Burgess** | Home Telephone No.<br>**352-496-0741** |

| | |
|---|---|
| STREET ADDRESS  (CITY, STATE AND ZIP CODE , COUNTY )<br>**5537 Mayo Street, Hollywood, Florida 33021** | D.O.B. (if age claim) |

NAME IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below.*)

| NAME<br>**Together Health** | NO. OF EMPLOYEES/MEMBERS<br>**15+** | TELEPHONE NUMBER<br>**754-227-8985** |
|---|---|---|

STREET ADDRESS             CITY, STATE AND ZIP CODE
**1300 Sawgrass Corporate Parkway, Suite 200, Sunrise, FL 33323**

| CAUSE OF DISCRIMINATION BASED ON (*Check appropriate box(es)*)<br>_ RACE  _ COLOR  __SEX  _ RELIGION  __ NATIONAL ORIGIN<br>__X__ RETALIATION  __ AGE  _X_ DISABILITY  __  GENETIC INFORMATION<br>_ _OTHER (Specify) | DATE MOST RECENT OR CONTINUING DISCRIMINATION<br>TOOK PLACE (*Month, day, year*)<br>**2/28/22** |
|---|---|

I was employed by Together Health as a Medical Health Insurance Agent from August 2020 until my constructive discharge on February 28, 2022. When I was hired, I was told that my job was a remote position. I completed training and was subsequently provided with the tools I needed to work from home.

I suffer from a disability. As a result, I took time off for doctor's appointments and/or had to stop work early if I began to experience symptoms resulting from my disability.  However, my supervisor gave me "points" under those circumstances, despite knowing the reasons for my partial absences. My team leader Nicki Wilson subsequently said that I should take protected medical leave so that my job could be protected.

In October 2021, I was approved to take intermittent medical leave through February 2022. I was subsequently informed by my team lead that my supervisor was "pissed" when my protected medical leave was approved and that she does not like me. In January 2022, Together Health told me I had to return to work, even though my coworkers were not required to return to work, and even though my position has always been a remote position.

On February 2, I provided a doctor's note to the company requesting a reasonable accommodation in the form of reasonable breaks for short periods of time and working from home. Together Health ultimately said I can take short breaks, but refused to allow me to continue to work from home and told me I must return to work in person on February 24, 2022.  The company then locked me out of the computer system. Since Together Health refused to accommodate my disability, or engage in an interactive dialogue with me regarding my request for a reasonable accommodation, I had no choice but to resign.

I have been discriminated and retaliated against because of my disability, and Together Health failed to accommodate my disability, all in violation of the ADAAA.

| ☐ I also want this charge filed with the EEOC.  I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date          Charging Party (Signature)<br>3/30/2022<br>*[DocuSigned signature: Latoya Burgess]*<br>1BFCE8EE53A345C... | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974, Public Law 93-579: Authority for requesting the personal data and the uses are given below.)

1.      FORM NUMBER/TITLE/DATE. EEOC Form 5, CHARGE OF DISCRIMINATION, March 1984.

2.      AUTHORITY. 42 U.S.C.§ 2000e-5(b), 29 U.S.C. §211, 29 U.S.C.§ 626.

3.      PRINCIPAL PURPOSE (S). The purpose of the charge, whether recorded initially on this form or in some other way reduced to writing and later recorded on this form, is to invoke the jurisdiction of the Commission.

4.      ROUTINE USES. This form is used to determine the existence of facts which fall within the Commission's jurisdiction to investigate, determine, conciliate and litigate charges of unlawful employment practice.  Information provided on this form will be used by Commission employees to guide the Commission's investigatory activities.  This form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions.  A copy of this charge will ordinarily be served upon the person against whom the charge is made.

5.      WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Charges must be in writing and should identify the parties and action or policy complained of. Failure to have a charge which identifies the parties in writing may result in the Commission not accepting the charge. Charges under Title VII must be sworn to or affirmed. Charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to provide the requested information.

6.      [ ] Under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, this charge will be deferred to and will be processed by the State or local agency indicated. Upon completion of the agency's processing, you will be notified of its final resolution in your case. If you wish EEOC to give Substantial Weight Review to the agency's findings, you must send us a request to do so, in writing, within fifteen (15) days of your receipt of the agency's finding. Otherwise, we will adopt the agency's finding as EEOC's and close your case.

NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of the Civil Rights Act of 1964, as amended, and Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended, state:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed a practice made an unlawful employment practice by this title or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or bearing under this title.

The Equal Pay Act of 1963 contains similar provisions. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made.

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/13/2022

**To:** Latoya Burgess
5537 Mayo Street
Hollywood, FL 33021
Charge No: 510-2022-03891

EEOC Representative and email:    Erline Jocelyn
Investigator
erline.jocelyn@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-03891.

On behalf of the Commission,

Digitally Signed By: Evangeline Hawthorne
10/13/2022

Evangeline Hawthorne
Acting Director
Miami District Office

**Cc:**
John R Parker
Together Health
1300 SAWGRASS CORPORATE PARKWAYWY
SUITE 200
Sunrise, FL 33323

Lisa H Ackerman
Wilson Elser LLP
55 W MONROE ST
STE 3800
Chicago, IL 60603

Rachel B Benjamin, Esq.
Hall & Lampros LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2022-03891 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.